### APPEL v. PEOPLE'S SURETY CO. OF NEW YORK.

(City Court of New York, Special Term. March, 1910.)

1. PLEADING (§ 364*)—ALLEGATIONS—SCANDALOUS AND IRRELEVANT MATTER.

In an action for damages for neglecting to properly defend an action, as required by an accident insurance policy issued by defendant for plaintiff's protection against suits by others, the complaint alleged that a personal injury action was brought against plaintiff; that he immediately gave defendant full information as to the facts of the case and furnished the names of his witnesses and statements of what they would testify to, and that defendant assumed control of the case, but permitted its attorneys to be represented at trial by an attorney other than its attorneys of record, who was not familiar with the law and facts, and did not call all of plaintiff's material witnesses, or fully and carefully examine plaintiff as a witness, and so negligently conducted the defense that judgment went against plaintiff. Held that, while plaintiff must prove that defendant negligently defended the action in the manner alleged in order to recover, those allegations were not subject to be stricken as scandalous and irrelevant.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1156–1162; Dec. Dig. § 364.*]

2. ACTION (§ 27*)—NATURE—CONTRACT OR TORT.

The action is for breach of contract, and not for a tort.

[Ed. Note.—For other cases, see Action, Dec. Dig. § 27.*]

------

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date; & Rep'r Indexes.

Action by Samuel Appel against the People's Surety Company of New York. On motion to strike a paragraph of the complaint. Motion denied.

Samuel Bitterman, for plaintiff.
Edward M. Grout and Paul Grout, for defendant.

FINELITE, J. This is a motion to strike out the sixth paragraph of the first cause of action alleged in the complaint as scandalous and irrelevant.

The action is brought to recover damages by reason of the defendant neglecting to properly defend an action which was brought against the plaintiff herein under an accident insurance policy issued to the plaintiff. By the conditions of said policy the said defendant agreed to indemnify the plaintiff, the assured herein, for a period of 12 months, beginning on the 7th day of February, 1907, noon, and ending on the 7th of February, 1908, noon, and further conditioned that the policy shall only cover loss covered by and liability for any claim against the assured as the result of the risks specified in the contract or contracts annexed to said policy, and was issued and accepted upon the condition that all the provisions printed on the slip or slips attached to the policy are accepted and shall be fulfilled by the assured as part of this contract as fully as if they were recited at length over the signature to said policy affixed. Condition D of the slips annexed to said policy reads:

"If thereafter any suit is brought against the assured to enforce a claim for damages on account of an accident covered by this policy, the assured shall immediately forward to the company's home office every summons or other process as soon as the same shall have been served on him, and the company will, at its own cost, defend such suit in the name and on behalf of the assured, unless the company shall elect to settle the same or to pay the assured the indemnity provided for in condition A hereof."

On or about the 19th day of November, 1907, and while said policy was in full force and effect, an accident happened to one Bessie Gold, a tenant in the premises Nos. 105 and 107 Orchard street, in the borough of Manhattan, city of New York, which are the premises mentioned in and covered by the said policy of insurance, said accident being brought to recover damages for injuries received by said Bessie Gold, sustained by falling upon defective stairs within said premises, which was within the risk specified in said contract of insurance; and a suit was brought by said Bessie Gold against the plaintiff herein in the Supreme Court of the state of New York for such injuries. Upon the occurrence of said accident this plaintiff immediately gave written notice thereof to the defendant, with the fullest information obtainable at the time; and the plaintiff forwarded said summons and complaint in said action to the defendant's home office, which was served upon him, and pursuant to said policy defendant assumed charge and control of the defense of said action, and caused an answer to be prepared and served in said action and defended the same, while this plaintiff duly and in accordance with said policy assisted in the preparation of the said case for trial, and aided the company herein in securing infor-

mation and evidence and the attendance of witnesses, and furnished names and procured statements of witnesses. The allegation of the complaint which defendant now moves to strike out as scandalous and irrelevant is the sixth paragraph thereof, which reads as follows:

"Sixth. On information and belief, that the defendant did not conduct the defense of said action in a proper and skillful and diligent manner, and permitted its attorneys, whom it retained in accordance with said policy to defend the said action, to be represented at the trial thereof by a lawyer other than the attorney of record, and who had little knowledge of the facts in the case, and who was unprepared for the trial and not familiar with the propositions of law and of the facts, and that said lawyer who tried said case did not call all of the witnesses procured by this plaintiff for the defense, and did not examine this plaintiff fully for the defense; and although this plaintiff had furnished the attorneys of record for the defendant in said action with the names and statements of at least six (6) witnesses who were material and necessary for the defense of said action, and all of whom were in attendance at the trial of said action, the said lawyer failed and refused to call any of said witnesses, except one, upon the trial of said action, and did not introduce the testimony of any of said other witnesses, and did not properly and fully examine this plaintiff upon the trial of said action, and did not elicit from this plaintiff on the trial of said action all facts within his knowledge bearing upon the defense of said action by proper questions, and said lawyer did not carefully conduct such defense, but, on the contrary, conducted such defense and trial in a careless and indifferent manner, and that the defendant wholly failed and neglected to carry out the provisions of said contract and to properly and diligently defend such action on behalf of this plaintiff, and that by reason thereof the said trial resulted in a judgment against this plaintiff in favor of said Bessie Gold for the sum of one thousand nine hundred and forty-eight and $36/100$ dollars ($1,948.36) damages and costs, which judgment was duly entered and docketed in the office of the clerk of the New York county on January 7, 1910."

From the reading of this paragraph it will be necessary for the plaintiff to prove on the trial hereof that the defendant did not fulfill its contract and did not properly defend the action, and that a judgment was entered against said plaintiff in said action on account of the breach of the contract made with the plaintiff. He would have to prove, in addition, to recover in this action under said policy, that the attorney representing the plaintiff in said action was negligent in not properly producing, upon the trial of the said action wherein the plaintiff was sued, the proof that was supplied to said company and the witnesses who would have testified in favor of the said plaintiff as the defendant in said action, which proof so furnished by the said plaintiff to the said company, and which the said company refused to make use of on the trial, and which caused and resulted in a judgment against this plaintiff as the defendant in said action.

This action as brought, and as appears from the said paragraph in dispute and the facts therein alleged, is not an action in tort; but, on the contrary, it is a breach of contract, which may sound in tort, but is an action to recover damages. I therefore conclude that said paragraph is not scandalous and irrelevant.

The motion to strike out the same must therefore be denied, and defendant may have his time extended six days within which to plead herein after the service of the order on him to be entered herein. Settle order on one day's notice.